UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

September 9, 2019

LETTER TO COUNSEL:

    RE:    *Melissa M. v. Andrew M. Saul, Commissioner of Social Security*[1]
            Civil No. TJS-18-3029

Dear Counsel:

On October 2, 2018, Plaintiff Melissa M.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 12 & 13.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In her applications for SSI and DIB, Melissa M. alleged a disability onset date of March 1, 2014. (Tr. 28.) Her applications were denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on February 28, 2017 (Tr. 46-61), and the ALJ found that Melissa M. was not disabled under the Social Security Act (Tr. 28-41). The Appeals Council denied Melissa M.'s request for review (Tr. 1-4), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Melissa M.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Melissa M. had not engaged in substantial gainful activity since March 1, 2014, the alleged onset date. (Tr.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On July 31, 2019, the case was reassigned to me.

30.) At step two, the ALJ found that Melissa M. suffered from the following severe impairments: degenerative disc disease, obstructive sleep apnea, and obesity. (*Id.*) At step three, the ALJ found Melissa M.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 34.) The ALJ determined that Melissa M. retained the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Tr. 34.)

At step four, the ALJ determined that Melissa M. can perform past relevant work as a data entry clerk. (Tr. 39.) Because the ALJ found that Melissa M. could perform past relevant work, he concluded that she was not disabled. (*Id.*) Alternatively, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that she can also perform. (Tr. 40-41.) Therefore, the ALJ found that Melissa M. was not disabled under the Social Security Act. (Tr. 41.)

Melissa M. raises three arguments in this appeal. First, she argues that the ALJ did not properly evaluate her RFC because he did not perform a "function-by-function assessment of the Plaintiff's abilities to [] perform work-related activities." (ECF No. 12-1 at 5.) Second, she argues that the ALJ "improperly substituted his opinion for those of competent medical professionals." (*Id.*) Third, she argues that the ALJ improperly relied on the Medical Vocational Guidelines in determining that she was not disabled. (*Id.* at 8.) None of these arguments have merit.

Melissa M. argues that the ALJ's RFC assessment is deficient because he failed to perform a function-by-function assessment of her abilities to perform work-related activities. She argues that the ALJ expressed the RFC "in terms of exertional levels, without first assessing her work-related abilities on a function-by-function basis." (ECF No. 12-1 at 5.) An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019) (internal quotation marks and citation omitted). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion . . . ." SSR 96-8P, 1996 WL 374184 at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*

Here, the ALJ's analysis of the medical evidence is detailed, clear, and well-supported by citations to the record. In his opinion, the ALJ discussed evidence related to Melissa M.'s allegations of pain and trouble sleeping, spinal abnormalities, obesity, and issues with gait. (Tr. 34-39.) The ALJ then discussed at length why he found that Melissa M. could perform the exertional and postural activities associated with light work. Because the ALJ adequately explained his RFC finding such that this Court can meaningfully review the finding, this argument is without merit. Melissa M. may disagree with the ALJ's conclusions, but it is not the function of this Court to reweigh the evidence. *See, e.g., Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

Next, Melissa M. argues that the ALJ substituted his own opinion for the opinion of qualified medical professionals. (ECF No. 12-1 at 5.) At step two, the ALJ discussed Melissa M.'s mental impairments and concluded that they "do not cause more than minimal limitation in the

claimant's ability to perform basic mental work activities and are therefore non-severe." (Tr. 31.) In making this finding, the ALJ considered the four broad areas of mental functioning known as the "paragraph B" criteria.

The ALJ found that Melissa M. had mild limitation in understanding, remembering, and applying information. (*Id.*) In making this finding, the ALJ considered the observations of Dr. Foster, a psychological consultative examiner, but concluded that some of his opinions did "not appear representative of the claimant's longitudinal functioning." (*Id.*) Citing to records produced by Melissa M.'s treating psychiatrist, Dr. Singh, the ALJ noted that "the claimant [was] described as oriented across all visits from September 2015 to March 2017." (*Id.*) In addition, across all visits Dr. Singh observed "relevant, coherent, and goal directed thought processes," which the ALJ took to indicate that Melissa M. had no difficulties with understanding or applying information. The ALJ also noted that Dr. Singh "did not record objective evidence of memory deficits or corresponding subjective complaints." (*Id.*)

The ALJ found that Melissa M. had mild limitation in the functional area of interacting with others. (*Id.*) The ALJ acknowledged Dr. Foster's observation that Melissa M.'s "emotions ranged from flat to tearful," but found that "this single observation is not consistent" with her presentation over time because she appeared emotional at only one primary care visit between March 2014 and January 2017. (*Id.*) The ALJ also discussed Dr. Singh's observations regarding Melissa M.'s behavior and moods. He concluded that they indicated interactional stability. Finally, the ALJ considered Melissa M.'s own description of her daily activities and her history of substantial gainful activity over time, which support a finding that her ability to interact with others is not more than minimally limited. (Tr. 32.)

Regarding concentrating, persisting, or maintaining pace, the ALJ found that Melissa M. had mild limitation. (*Id.*) While the consultative exam indicated weakness in attention, Melissa M.s' longitudinal treatment record with Dr. Singh did not contain reference to "any specific deficits in attention or concentration." (*Id.*) The ALJ acknowledged Melissa M.'s report of visual and auditory hallucinations, but reasoned that because there was "only one clinically confirmed instance of responding to external stimuli," and because the hallucinations occurred before she was prescribed Risperdal by Dr. Singh, they did not more than minimally impact Melissa M.'s functional abilities in the area of concentrating, persisting, or maintaining pace. (*Id.*)

Regarding the fourth functional area, the ALJ found that Melissa M. had no limitation in adapting or managing herself. (*Id.*)

In making these findings, the ALJ explained the weight given to the various medical opinions in the record. The ALJ gave little weight to the State agency consultants' mental assessments. (*Id.*) The ALJ noted that the State agency consultants "are non-treating, non-examining sources, who did not have the opportunity to consider the entire record." (*Id.*) The ALJ found that one of the consultants' remarks appeared to be "heavily based on the claimant's subjective reports," which were "not in alignment with the findings of Dr. Singh," her treating psychiatrist. (*Id.*) The ALJ also noted that Melissa M.'s statement that her severe mental impairments were lifelong was inconsistent with her past work at substantial gainful activity levels and her lack of any specialized mental health treatment until about 18 months after the alleged

3

onset of her disability. (*Id.*) The ALJ also noted Melissa M.'s own reports that her mental health symptoms were responsive to treatment. (Tr. 33.) The ALJ's analysis of the opinions of the State agency consultants complies with governing legal standards and is supported by substantial evidence.

The ALJ gave limited weight to the opinion of Dr. Foster, a psychological consultative examiner. (*Id.*) Again, the ALJ found that Dr. Foster's assessment was largely based on the claimant's self-report, which was not consistent with her treatment and work history. The ALJ also questioned Dr. Foster's conclusion that Melissa M.'s functioning had been significantly altered given that he did not have a longstanding relationship with her to compare prior functioning. (*Id.*) Finally, the ALJ noted the inconsistency between Dr. Foster's testing that "revealed abnormalities consistent with symptoms of depression" and Dr. Singh's course of treatment for over 12 months, which did not identify comparable signs. The ALJ's analysis of Dr. Foster's opinion is well reasoned and supported by substantial evidence.

Because the ALJ adequately explained how he considered and weighed the various medical opinions, and because his findings are supported by substantial evidence, Melissa M.'s argument is without merit. Contrary to her argument, the ALJ did not "substitute[] his opinion for those of competent medical professionals." (ECF No. 12-1 at 5.) Rather, he considered all of the evidence, including the medical opinions and made appropriate findings. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (noting that where a physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight").

Melissa M.'s third argument is that the ALJ improperly applied the Medical Vocational Guidelines at step five. (ECF No. 12-1 at 8.) She argues that the ALJ improperly gave preclusive effect to the "grids." She states that the grids do not have preclusive effect for claimants with mental impairments, which are generally considered to be non-exertional. Her argument fails for two reasons. First, the ALJ found that Melissa M. did not have non-exertional limitations. The ALJ's RFC determination, which is supported by substantial evidence, limited Melissa M. to the full range of light work. But it did not contain any non-exertional limitations. Second, even if the ALJ made a mistake at step five, he made a valid step four finding that Melissa M. can perform past relevant work. Having made this valid finding at step four, any mistake in an alternative step five finding does not warrant remand.

For the reasons set forth herein, Melissa M.'s Motion for Summary Judgment (ECF No. 12) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 13) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                Sincerely yours,

                                                /s/
                                              Timothy J. Sullivan
                                              United States Magistrate Judge